[Crim. No. 656. Third Appellate District.—January 26, 1923.]

## THE PEOPLE, Respondent, v. O. J. EATON, Appellant.

[1] INSTRUCTIONS—DUTY OF COURT.—While it is the duty of the court to instruct the jury as to every legal principle involved in the case, the court is not required to give a pertinent instruction in the language of the defendant or because so requested, if it is substantially covered by the charge which is given.

[2] CRIMINAL SYNDICALISM—REASONABLE DOUBT—ERRONEOUS INSTRUCTION.—In a prosecution for a violation of the Criminal Syndicalism Act, a requested instruction that requires an acquittal if the jury have a reasonable doubt whether the defendant organized or assisted in organizing or knowingly became a member of any organization or society or group or assemblage of persons, organized or assembled to advocate or teach or aid and abet criminal syndicalism is properly refused. A conviction might be had if the jury believe beyond a reasonable doubt that any one of these conditions existed, although there might be a reasonable doubt as to the others.

[3] ID.—CHARACTER OF ORGANIZATION—TIME—ERRONEOUS INSTRUCTION. In a prosecution for a violation of the Criminal Syndicalism Act, a requested instruction that requires the jury, in order to convict, to believe that the organization at the time "and subsequent thereto" advocated and taught criminal syndicalism is defective and misleading, and is properly refused. All that the law requires is that the organization was of that character at the time defendant organized or assisted in organizing or knowingly became a member of it.

[4] ID.—ADVOCACY OF CHANGE BY LAWFUL MEANS—INSTRUCTIONS.—In a prosecution for a violation of the Criminal Syndicalism Act, it is not error to refuse a requested instruction "that the mere advocacy of a change in industrial ownership or political change to be accomplished by lawful means is not a crime," particularly where that identical language is used in an instruction which is given.

[5] ID.—PERSONAL OPINIONS—SUSPICIONS—EVIDENCE—INSTRUCTIONS.— In such a prosecution, a requested instruction, "that your personal opinions, if there be any, as to facts not proven upon the trial cannot properly be considered as the basis of your verdict in this case, nor can your suspicions. You can only act on evidence introduced upon the trial, and from that evidence and from that alone you must form your verdict unaided, unassisted and un-influenced by any opinions not found in the evidence," is sufficiently covered by a given instruction, "that you are to be guided in your deliberations solely by the law and the evidence in this cause and no other consideration must influence you in reaching a verdict."

APPEAL from a judgment of the Superior Court of Humboldt County. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. L. Ford and J. S. Burnell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was convicted of a violation of what is known as the "Criminal Syndicalism Act" (Stats. 1919, p. 281), and he appeals from the judgment and the order denying his motion for a new trial. It is not disputed that the evidence warrants the verdict, and the only claim for a reversal is that the court prejudicially erred in refusing to give certain instructions proposed by the defendant.

[1] That it is the duty of the trial court to instruct the jury as to every legal principle involved in the case is made plain by the statute (Pen. Code, sec. 1127) and the decisions of the courts, but it is also established that the trial court is not required to give a pertinent instruction in the language of the defendant or because so requested, if it is substantially covered by the charge which is given.

With these admitted propositions in view we may examine the three proposed instructions which were refused.

The first simply states the nature of the charge against the defendant and contains a definition of the terms "criminal syndicalism" and "sabotage." This instruction was clearly and fully covered by those given by the court and

found on pages 22 and 28 of the transcript and no further consideration of it is required.

The second reads as follows:

"If you find from the evidence to a moral certainty and beyond a reasonable doubt, that at the time and place mentioned in the information, the defendant, O. J. Eaton, did willfully organize or assist in organizing, or did knowingly become a member of any organization, or society or group or assemblage of persons organized or assembled to advocate or teach or aid and abet criminal syndicalism, then and under such circumstances you should find the defendant guilty as charged in the information.

"But on the other hand, if you do not find from the evidence to a moral certainty and beyond a reasonable doubt, or, if from all the evidence in the case you entertain a reasonable doubt that said defendant did organize or assist in organizing, or did knowingly become a member of any organization or society or group or assemblage of persons, organized or assembled to advocate or teach or aid and abet criminal syndicalism, then and under such circumstances you should find the defendant not guilty.

"You are further instructed that even though you do find that the defendant did willfully organize or assist in organizing or did knowingly become a member of a society or group or assemblage of persons, that of itself is not sufficient to convict him of the offense charged, you must further find from the evidence to a moral certainty and beyond a reasonable doubt that such organization, if he did organize or assist in such or become a member of such organization, that such organization at the time and subsequent thereto advocated, or taught, or aided and abetted criminal syndicalism. And if you entertain any reasonable doubt that such organization advocated or taught or aided and abetted criminal syndicalism, then your verdict must not be guilty."

Manifestly it was not of much concern to appellant whether the court gave the first paragraph of said instruction, although, as a matter of fact, in other instructions, the court thoroughly covered that hypothetical phase of the case. There is no doubt that the prosecution's theory of guilt was abundantly presented. It is not so certain that equal consideration was paid to defendant's contentions.

[2] However, the second paragraph is objectionable in that it required an acquittal if the jury had a reasonable doubt whether the defendant *"organized* or *assisted* in organizing" or knowingly became a member of such proscribed organization. It was not sufficient to justify a verdict of not guilty if the jury entertained a reasonable doubt that he committed any one of these acts as alleged in the information. A conviction might be had if the jury believed beyond a reasonable doubt that any of these conditions existed, although there might be a reasonable doubt as to the others. But according to the proposed instruction the jury must believe beyond a reasonable doubt that all these conditions existed before they could convict.

[3] The third paragraph was also defective and misleading in that it required the jury, in order to convict, *to believe* that the organization at the time and "subsequent thereto" advocated and taught criminal syndicalism. All the law required was that the organization was of that character at the time defendant organized or assisted in organizing or knowingly became a member of it, since all these acts are alleged to have taken place subsequent to the enactment of the "syndicalism statute." The trial court was therefore justified in declining to give this instruction.

But whether so requested or not, the trial court should always be careful to set forth clearly to the jury that the burden of proof is upon the prosecution to establish all the elements of the crime to a moral certainty and beyond a reasonable doubt, also that the defendant is presumed to be innocent until his guilt is so established and if, after a consideration of all the evidence in the case the jury entertain a reasonable doubt of the guilt of the defendant, they should find him not guilty.

These fundamental principles were not presented as directly and explicitly as they should have been, but after reading all the instructions we are satisfied that the jurors, as men of average intelligence, could not have misunderstood the requirements of the law in these respects. Indeed, as to reasonable doubt, it was clearly defined, and the jury was directed that "the defendant is entitled to the benefit of every reasonable doubt which you may have on the evidence." In connection with other instructions, which we need not quote, this would necessarily be understood as a

direction to find the defendant not guilty if, after a consideration of all the evidence, there was in their minds a reasonable doubt of his guilt. It must be remembered, also, that these elementary matters are always stressed in the examination of the jurors and in the arguments of counsel.

In view of all the facts, it would be an unwarranted reflection upon the intelligence of the jury to hold that they did not fully understand their duty in the premises.

[4] The second proposed instruction, ''that the mere advocacy of a change in industrial ownership or political change to be accomplished by lawful means is not a crime,'' etc., is so evident that the jury would hardly need such direction, but as a matter of fact the identical language was used in a given instruction.

[5] The third, ''I charge you that your personal opinions, if there be any, as to facts not proven upon the trial cannot properly be considered as the basis of your verdict in this case, nor can your suspicions. You can only act on evidence introduced upon the trial, and from that evidence and from that alone you must form your verdict unaided, unassisted and uninfluenced by any opinions not found in the evidence,'' was sufficiently covered by the given instruction, ''I instruct you that you are to be guided in your deliberations solely by the law and the evidence in this cause and no other consideration must influence you in reaching a verdict.''

As before stated, no question is raised as to the sufficiency of the evidence to justify a conviction, nor is it argued that the trial court committed error in any other respect and it is apparent that the point made is not decisive and fatal.

The judgment and order are therefore affirmed.

Finch, P. J., and Hart, J., concurred.